UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JOSE CRISTOBAL CARDONA,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 16-293-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

On the morning of June 29, 2015, inmate Jose Cristobal Cardona attempted to obtain an envelope from a fellow prisoner which Cardona told an officer contained legal materials. But when the officer searched the envelope he found a red foil wrapper which contained a small quantity of a sticky black substance. That substance later tested positive for opium alkaloids, and the prison charged Cardona with possession of narcotics. [R. 6-1]

At a disciplinary hearing held three days later, Cardona claimed that he never "possessed" the drugs, but offered no other evidence in defense. The Disciplinary Hearing Officer disagreed, found Cardona guilty of the disciplinary offense, and imposed various sanctions including the disallowance of good time credits. [R. 6-2]

Cardona appealed the disciplinary conviction on numerous grounds, including that the incident report did not give adequate notice of the offense or name the other inmate involved, he did not possess the envelope, he did not know the envelope contained drugs, the envelope did not belong to him, the other inmate was not charged, and the hearing officer was biased. The Bureau of Prisons rejected those contentions and denied relief. [R. 1-1]

Cardona has now filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the prison disciplinary conviction. [R. 1] Cardona's first and fourth grounds for relief make no sense: he states only that "[t]he targeting a limited group of prisoners for imposition of $5.00 maintenance pay constitutes an unlawful bill of attainder" and "[t]he taking of good time credit without evidence for the purpose of imposing $5.00 maintenance pay conspiracy is to impose involuntary servitude." [R. 1 at 7, 8] Cardona makes no effort to explain the reference to "$5.00 maintenance pay" nor is one self-evident. As these statements have no obvious bearing upon Cardona's disciplinary conviction they will be disregarded. Cardona's second and third grounds for relief challenge the DHO's finding that he was in possession of the drugs and allege discrimination because the other inmate was not charged. [R. 1 at 7]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013). When determining whether a decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses. It asks only "whether there is any evidence in the record that could support the conclusion reached by the

disciplinary board." *Hill*, 472 U.S. at 455-56; *Higgs v. Bland*, 888 F. 2d 443, 448-49 (6th Cir. 1989).

The DHO's decision satisfied all of these requirements. Cardona's challenge to the DHO's finding that he possessed the drugs is a challenge to the sufficiency of the evidence. The narcotics were found in an envelope which Cardona had just told an officer that he was going to get from another inmate. The Incident Report states that Cardona "obtained" the envelope; if so, the envelope - as well as the drugs contained within it - were not merely in Cardona's constructive possession, they were in his actual possession. Another portion of the DHO Report suggests that perhaps the officer intercepted the envelope before Cardona got his hands on it. [R. 6-2 at 3 ("… the envelope at that time was not in your possession and [] the narcotics were located prior to it reaching you.")] If so, the DHO's finding that Cardona obtained constructive possession of the envelope and its contents when he stated his intention to retrieve it and immediately attempted to do so is supported by "some evidence." Cf. *Hill*, 472 U.S. at 456-57; *Tweedy v. Vannatta*, 101 F. App'x 158 (7th Cir. 2004) (marijuana found in cup in common area in two person cell); *Triplett v. Fondren*, No. 07-2343 (JRT/RLE), 2008 WL 1819183, at *4-5 (D. Minn. Apr. 23, 2008) (inmate's possession of pen constituted "some evidence" that he possessed marijuana contained inside).

To the extent Cardona's argument regarding possession hinges upon whether he knew the drugs were inside the envelope, his knowledge does not affect whether he possessed them at all - his knowledge poses only a question of intent. In that regard, the DHO concluded that Cardona knew that drugs were inside the envelope based upon his deliberate attempt to obtain it and because drugs are very valuable in a prison setting, rendering their voluntary transfer to Cardona certainly intentional. [R. 6-2] That finding was also supported by "some evidence" to satisfy constitutional due process requirements.

3

Cardona's third ground for relief asserts that the prison's failure to charge the other inmate involved constitutes discrimination against him. [R. 1 at 7] While he characterizes this as a due process claim, it plainly invokes his right to equal protection under the law. But the Equal Protection Clause does not require that all persons be treated alike; instead it directs that all *similarly-situated* persons be treated alike. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Inmates retain some of their constitutional rights in prison, including the right to be free from discrimination based upon race or suspect classifications. *Angstadt v. Midd–West Sch. Dist.*, 377 F.3d 338 (3d Cir. 2004). But Cardona makes no claim that such an impermissible basis was used to treat him differently, and a prison's sanction of one inmate does not constitute discrimination merely because it did not sanction another. Cf. *Knaub v. Zickefoose*, No. 11-938(RMB), 2011 WL 6153791, at *7-8 (D.N.J. Dec. 12, 2011).

Accordingly, **IT IS ORDERED** that:

1. Cardona's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated August 16, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY